Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
(201) 289-5352
frischa@avifrischlaw.com
Attorney ID: 025652006
Attorney for Plaintiff, Care Creations Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARE CREATIONS INC., d/b/a EDEN FINE ART**<br>Plaintiff,<br>v.<br><br>**JACOB SHOCHAT,**<br>Defendant. | Civil Action No. _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Care Creations Inc. d/b/a Eden Fine Art ("Eden" or "Plaintiff"), by way of Complaint against Defendant Jacob Shochat ("Shochat" or "Defendant"), alleges and says:

**JURISDICTION AND VENUE**

1.     This is a civil action to recover sums due and owing to Plaintiff for fine artworks and sculptures sold and delivered to Defendant, for which Defendant has failed to pay.

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that Plaintiff is a citizen of the State of New York and Defendant is a citizen of the State of New Jersey, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as Defendant resides in this District and a substantial part of the events giving rise to the claim, including the delivery and acceptance of the artworks and Defendant's failure to pay, occurred in this District.

**THE PARTIES**

4.     Plaintiff Care Creations Inc. is a corporation organized under the laws of the State of New York, with its principal place of business in  470 Broom Street New York,  NY 10013. Plaintiff operates a fine art gallery in New York and conducts business under the trade name "Eden Fine Art" (also referred to as "Eden Gallery")

5. Defendant Jacob Shochat is an individual who, upon information and belief, is a citizen of the State of New Jersey, residing at 10 Finn Court, Mahwah, New Jersey 07430.

## FACTUAL BACKGROUND

6. Plaintiff operates an international fine art gallery through which it sells fine artworks to collectors and other purchasers, including wall artworks such as paintings and free-standing sculptures, comprising both original works and limited editions.

7. Beginning in or about 2018 and continuing thereafter, Defendant placed numerous orders with Plaintiff for the purchase of artworks and sculptures. Each order was assigned a sales order ("SO") number in Plaintiff's records, including, among others, SO Nos. 4386, 5058, 12877, 12880, 12884, 12902, 13001, 21268, and 21363.

8. In reliance on Defendant's representations, commitment and promises that he would pay the purchase price for each work, and in the frame of a past commercial relation based on friendly and trustful relation (where the Defendant bought and paid from the Plaintiff artworks, in installments) Plaintiff delivered the artworks ordered by Defendant, including by personally transporting and delivering artworks and sculptures to Defendant. Defendant received and accepted the artworks.

9. Defendant was actively engaged with Plaintiff concerning the artworks he ordered. By way of example, on or about July 21, 2024, Defendant wrote to Plaintiff acknowledging receipt of the pricing for the specific works he purchased and requesting that Plaintiff provide a Certificate of Authenticity and an Appraisal Document for the artworks.

10. Defendant agreed to pay the purchase price for the artworks he ordered and received, in certain instances on an installment basis. It was the same process as it occurred in the past, which is why the Plaintiff was willing to deliver on credit. Plaintiff is a small family owned gallery that simply does not have the wherewithal to withstand the losses caused by the Defendant in this matter.

11. Plaintiff maintained, in the ordinary course of its business, a running book account reflecting the charges for artworks ordered by and delivered to Defendant and the payments received from Defendant. Defendant made periodic payments toward his account, which were credited against the balance due.

12. While Plaintiff sold and delivered much of the artwork at issue directly, certain of the artworks ordered by Defendant were sold through art gallery entities affiliated with Plaintiff (each of the entities shares common ownership). Defendant's purchases were at all times treated, invoiced, and pursued collectively as a single, consolidated account reflecting Defendant's total outstanding balance. To the extent any affiliated entity held a claim against Defendant, that entity has assigned its claim to Plaintiff, so that Plaintiff is the owner and holder of all of the claims asserted herein. None of the affiliated entities is a citizen of the State of New Jersey.

13. On or about August 3, 2023, the parties confirmed in writing, including by a message exchange that Defendant received and reviewed, that the then-outstanding open balance owed by Defendant to Plaintiff was $900,000, and the parties discussed a schedule for payment of that balance.

14. On or about September 12, 2024, Defendant requested that Plaintiff provide him with statements of his accounts reflecting the outstanding balances. Plaintiff thereafter rendered to Defendant periodic statements of account setting forth the artworks ordered, the payments received, and the outstanding balance due.

15. On or about July 29, 2025, Plaintiff, through its representatives Guy Martinovsky and Miriam Taplitzky, rendered to Defendant a written, consolidated statement of account confirming that, after crediting all payments made by Defendant and after reconciliation of the account, the outstanding balance due and owing from Defendant to Plaintiff was $822,390. That statement was transmitted to Defendant, including by message on or about August 27, 2025, which Defendant received and read.

16. Defendant received the statements of account, including the consolidated statement reflecting the balance of $822,390, and retained them without any objection.

17. Despite Plaintiff's demands, Defendant has failed and refused to pay the outstanding balance of $822,390, or any part thereof, and that sum remains due and owing.

## COUNT ONE

### *(Account Stated)*

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

19. Plaintiff rendered to Defendant statements of account setting forth the transactions between the parties and the balance due and owing from Defendant to Plaintiff.

20. Defendant received and retained the statements of account, including the consolidated statement reflecting the balance of $822,390, without objection within a reasonable time, and the parties agreed, expressly and/or impliedly, upon the balance due.

21. By reason of the foregoing, an account was stated between the parties in the amount of $822,390, which Defendant became obligated to pay.

22. Defendant has failed and refused to pay the stated account, and the sum of $822,390, together with interest, remains due and owing to Plaintiff.

**WHEREFORE, Plaintiff Care Creations Inc. demands judgment against Defendant Jacob Shochat as follows:**

A. Awarding Plaintiff compensatory damages in the amount of $822,390;

B. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees and expenses, in amounts to be determined by the Court;

C. Awarding prejudgment and post-judgment interest; and

D. Granting such other and further relief as is just and proper.

## COUNT TWO

### *(Book Account)*

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

24. In the ordinary course of its business, Plaintiff kept and maintained a book account reflecting the artworks ordered by and delivered to Defendant, the agreed prices therefor, and the payments made by Defendant.

25. The book account constitutes a true and accurate record of the debits and credits between the parties, made in the regular course of Plaintiff's business.

26. According to the book account, after crediting all payments made by Defendant, there remains due and owing from Defendant to Plaintiff the sum of $822,390.

27. Plaintiff has demanded payment of the balance due on the book account, and Defendant has failed and refused to pay the same.

**WHEREFORE, Plaintiff Care Creations Inc. demands judgment against Defendant Jacob Shochat as follows:**

    A. Awarding Plaintiff compensatory damages in the amount of $822,390;

    B. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees and expenses, in amounts to be determined by the Court;

    C. Awarding prejudgment and post-judgment interest; and

    D. Granting such other and further relief as is just and proper.

**COUNT THREE**

***(Breach of Contract)***

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. Plaintiff and Defendant entered into valid and enforceable agreements pursuant to which Plaintiff agreed to sell and deliver, and Defendant agreed to purchase and pay for, the artworks and sculptures identified in Defendant's orders.

30. Plaintiff performed all of its obligations under the agreements by delivering the artworks ordered by Defendant, which Defendant received and accepted.

31. Defendant breached the agreements by failing and refusing to pay the purchase price for the artworks delivered to and accepted by him, leaving an outstanding balance of $822,390.

33. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in the amount of $822,390, together with interest.

**WHEREFORE, Plaintiff Care Creations Inc. demands judgment against Defendant Jacob Shochat as follows:**

    A. Awarding Plaintiff compensatory damages in the amount of $822,390;

    B. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees and expenses, in amounts to be determined by the Court;

C.  Awarding prejudgment and post-judgment interest; and

D.  Granting such other and further relief as is just and proper.

**WHEREFORE, Plaintiff Care Creations Inc. demands judgment against Defendant Jacob Shochat as follows:**

A.  Awarding Plaintiff compensatory damages in an amount to be determined at trial, but not less than $822,390;

B.  Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees and expenses;

C.  Awarding prejudgment and post-judgment interest; and

D.  Granting such other and further relief as is just and proper.

Dated: July 24, 2026

THE LAW OFFICE OF AVRAM E. FRISCH LLC
Attorney for Plaintiff, Care Creations Inc.

By: /s/ Avram E. Frisch
Avram E. Frisch, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to L.Civ.R. 11.2, that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, and that no other parties should be joined in this action.

Dated: July 24, 2026

THE LAW OFFICE OF AVRAM E. FRISCH LLC
Attorney for Plaintiff, Care Creations Inc.

By: /s/ Avram E. Frisch
Avram E. Frisch, Esq.