**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARE CREATIONS INC., d/b/a EDEN FINE ART,<br><br>Plaintiff,<br><br>v.<br><br>JACOB SHOCHAT,<br><br>Defendant. | Civil Action No.<br><br>2:26-cv-09339 (MCA) (JRA)<br><br>**ORDER GRANTING ADMISSION OF COUNSEL *PRO HAC VICE*** |

THIS MATTER having come before the Court on the application of RAPHAEL M. ROSENBLATT, ESQ. (Movant), counsel for Defendant JACOB SHOCHAT for the *pro hac vice* admission of SAADIA SHAPIRO, ESQ., pursuant to Local Civil Rule 101.1 (Dkt. No. 6); and the Court having considered the submissions in support of the application, which reflect that SAADIA SHAPIRO, ESQ. satisfies the requirements set forth in Local Civil Rule 101.1(c); and Plaintiff having consented to the *pro hac vice* admission of SAADIA SHAPIRO, ESQ. (Dkt. No. 6-1 ¶ 8); and for good cause shown,

**IT IS** on this **1st** day of **October 2026, ORDERED** that:

1. The application for the *pro hac vice* admission of SAADIA SHAPIRO, ESQ. (**Dkt. No. 6**) is **GRANTED**, subject to the following conditions:

   a. The Movant's application references a proceeding pending in the Supreme Court of New York, First Judicial Department known as "In the Matter of Saadia M. Shapiro, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial

Department; 1:21- cv-07578 – ER." (the "Disciplinary Proceeding") Dkt. No. 6-2 ¶5. Should the Disciplinary Proceeding result in findings of professional misconduct, dishonesty, unethical or unscrupulous conduct, or any other conduct that bears materially on SAADIA SHAPIRO, ESQ.'s (Counsel *Pro Hac Vice*) fitness to practice before this Court, the Court may, in its discretion revoke Counsel *Pro Hac Vice's* admission in this matter. *Lighthouse Point Marina & Yacht Club, LLC v. Int'l Marine Underwriters*, No. 14-cv-2974, 2015 WL 260891, at *4 (D.N.J. Jan. 20, 2015) ("Admission pro hac vice is a privilege, and may be revoked as a sanction for unethical behavior." (citing *Johnson v. Trueblood*, 629 F.2d 302, 305 (3d Cir. 1980))).

b. Pursuant to Local Civil Rule 101.1(c)(1) Counsel *Pro Hac Vice* shall have a continuing obligation to promptly advise the Court of the disposition made of the pending Disciplinary Proceedings, any material developments in the Disciplinary Proceeding or related proceeding that may bear upon Counsel *Pro Hac Vice's* fitness to appear before this Court, or of the institution of new disciplinary proceedings. L.Civ.R. 101.1(c)(1).

2. Counsel *Pro Hac Vice* is permitted to appear *pro hac vice* in this case pursuant to Local Civil Rule 101.1(c).

3. Counsel *Pro Hac Vice* shall comply with Local Civil Rule 101.1(c) and abide by all Rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting said attorney's standing at the bar of any court in any jurisdiction.

4. Counsel *Pro Hac Vice* is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from said attorney's participation in this case.

5. The Movant shall: (a) be counsel of record in this case in accordance with Local Civil Rule 101.1(c); (b) be served all papers in this case and such service shall be deemed sufficient service upon Counsel *Pro Hac Vice*; and (c) sign (or arrange for an attorney admitted to practice in the United States District Court for the District of New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court.

6. The Movant shall appear at all proceedings unless expressly excused by the Court. The Movant shall be responsible for the conduct of the case and of Counsel *Pro Hac Vice* in this case.

7. Counsel *Pro Hac Vice* shall make all required payments to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28–2(a), and shall continue to make payment, or cause payment to be made, for each calendar year in which said attorney continues to represent any party named herein before this Court.

8. If not already having done so in connection with this case, Counsel *Pro Hac Vice* shall pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission *pro hac vice* in accordance with Local Civil Rule 101.1(c)(3) within **14 days** of the entry of this order. Counsel *Pro Hac Vice* may participate in this litigation once payment has been made.

9. Counsel *Pro Hac Vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE