**ROSENBLATT LAW PC**
Raphael M. Rosenblatt, Esq.
NJ Bar No. 032511998
21 Main Street | Suite 151
Hackensack, NJ 07601
Tel: 551.444.8100
raphael@rosenblattlegal.com
*Pro Hac Vice*' Sponsoring Attorney
for Defendant

**SHAPIRO & ASSOCIATES**
**ATTORNEYS AT LAW PLLC**
Saadia Shapiro, Esq.
445 Hamilton Avenue
White Plains, New York 10601
Tel: (212) 606-2000
sshapiro@shapirolawyers.net
*Pro Hac Vice* Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARE CREATIONS INC., d/b/a EDEN FINE ART,**<br><br>Plaintiff,<br><br>v.<br><br>**JACOB SHOCHAT,**<br><br>Defendant. | **CIVIL ACTION No. 2:26-cv-09339-MCA-JRA**<br><br>**Hon. Madeline Cox Arleo, U.S.D.J.**<br><br>**Hon. José R. Almonte, U.S.M.J.**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JACOB SHOCHAT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .......... [4]

II. LEGAL STANDARD .......... [5]

III. ARGUMENT .......... [7]

1. Plaintiff Fails to State a Plausible Claim for Account Stated (Count One).. [7]

    A. Plaintiff Fails to Plead a Debtor-Creditor Relationship.......... [7]

    B. Plaintiff Fails to Plead an Agreement.......... [9]

    C. Plaintiff Fails to Plead a Promise to Pay the Alleged Account Stated Balance.......... [10]

2. Plaintiff Fails to State a Plausible Claim for Book Account (Count Two.. [10]

3. Plaintiff Fails to State a Plausible Claim for Breach of Contract (Count Three) .......... [11]

4. Claims Arising From Sales Outside the Applicable Limitations Period Are Barred.......... [12]

IV. CONCLUSION .......... [13]

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................ **5, 6**

*Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*,
2006 WL 3000334 (D.N.J. Oct. 20, 2006) ........................................ **9**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................ **5, 6**

*Bergen Plastic Surgery v. Aetna Life Ins. Co.*,
No. 22-227 (SDW) (JSA), 2023 WL 3452633 (D.N.J. May 15, 2023) ........... **7, 8, 9, 10**

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011) ........................................................ **6**

*Connelly v. Lane Construction Corp.*,
809 F.3d 780 (3d Cir. 2016) ........................................................ **5, 6**

*Harris v. Merlino*,
61 A.2d 276 (E. & A. 1948) ........................................................ **7**

*Murphy v. Implicito*,
920 A.2d 678 (N.J. Super. Ct. App. Div. 2007) ........................................ **11**

*Santiago v. Warminster Township*,
629 F.3d 121 (3d Cir. 2010) ........................................................ **6**

*Transmodal Corp. v. EMH Associates, Inc.*,
No. 09-3057, 2011 WL 124641 (D.N.J. Jan. 14, 2011) ........................................ **11**

## STATUTES

N.J.S.A. 12A:2-725 ........................................................ **13**

## RULES

Fed. R. Civ. P. 8(a)(2) ........................................................ **5**

Fed. R. Civ. P. 12(b)(6) ........................................................ **4, 5, 6**

## I. INTRODUCTION

1. Defendant, Jacob Shochat, ("Shochat" or "Defendant") respectfully submits this Memorandum of Law in support of his motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Care Creations Inc., d/b/a Eden Fine Art, ("Care Creations" or "Plaintiff") seeks to recover money damages arising from alleged purchases of artwork dating back to 2018, asserting claims for account stated, book account, and breach of contract. The Complaint, however, relies largely on conclusory allegations rather than facts sufficient to plausibly establish the elements of those claims.

2. As to the account stated count, Plaintiff fails to adequately plead a debtor-creditor relationship, provide any form of agreement, or demonstrate the existence of a promise to pay any monies to Plaintiff. (Compl. ¶¶ 15-22).

3. Plaintiff's book-account and breach-of-contract claims likewise fail to identify the alleged underlying contracts and their material terms, and therefore fail to plausibly establish any corresponding breach or resulting damages. (Compl. ¶¶ 24-31).

4. Furthermore, Plaintiff acknowledges that certain transactions underlying the alleged amount due involved third-party entities but fails to plead sufficient facts demonstrating that the claims arising from those transactions were assigned to Plaintiff, and thus that Plaintiff is the creditor entitled to recover those alleged amounts. (Compl. ¶ 12).

5. Finally, Plaintiff alleges transactions beginning in 2018 but fails to identify when the payment obligations accrued, leaving its asserted amount due balance, at least in part, barred by New Jersey's four-year statute of limitations for contracts for the sale of goods. For these reasons, and as set forth more fully below, the Complaint fails to state claims upon which relief may be granted and should therefore be dismissed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," that requirement demands more than the bare assertion that a claim exists. As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, a sufficiently pleaded complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Supreme Court subsequently elaborated on that standard in *Ashcroft v. Iqbal*, explaining that while Fed. R. Civ. P. Rule 8 "does not require 'detailed factual allegations,' it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678. As *Iqbal* instructs, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Third Circuit precedent applies the same framework. In *Connelly v. Lane Construction Corp.*, the Court of Appeals explained that, under *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must proceed in three steps: first, it must "tak[e] note of the elements

[the] plaintiff must plead to state a claim"; second, it must identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth"; and third, after accepting the remaining well-pleaded factual allegations as true, it must determine whether those allegations "plausibly give rise to an entitlement to relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). The Third Circuit further emphasized that "[m]ere restatements of the elements of a claim are not entitled to the assumption of truth." *Id.* (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

The Third Circuit applied those principles even more directly in *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010), affirming dismissal where the complaint contained allegations that purported to state the necessary elements but lacked sufficient supporting factual matter. The Court explained that the mere fact that a complaint has formally alleged a viable theory of liability "does not mean that [the plaintiff] has supported those allegations with 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 130. The Third Circuit held "[p]ossibility' is no longer the touchstone for pleading sufficiency after *Twombly* and *Iqbal*. Plausibility is what matters. Allegations that are 'merely consistent with a defendant's liability' or show the 'mere possibility of misconduct' are not enough."

Accordingly, the question on a Rule 12(b)(6) motion is not simply whether Plaintiff has used words corresponding to each element of its asserted causes of action. The Court must disregard allegations that merely state legal conclusions or recite those elements and determine whether the remaining factual allegations, taken as true, actually make the asserted claims plausible. *Connelly*, 809 F.3d at 787, 790; *Santiago*, 629 F.3d at 128, 130-33.

## III. ARGUMENT

## 1. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR ACCOUNT STATED (COUNT ONE)

To state a claim for account stated under New Jersey law, Plaintiff must plausibly allege an express or implied "admission by a debtor to a creditor of a stated indebtedness" that constitutes an implied promise to pay. *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, No. 22-227 (SDW) (JSA), 2023 WL 3452633, at *4 (D.N.J. May 15, 2023) (quoting *Harris v. Merlino*, 61 A.2d 276, 279 (E. & A. 1948)).

The "essential elements" for an account stated claim are "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Id*.

### A. PLAINTIFF FAILS TO STATE A DEBTOR-CREDITOR RELATIONSHIP

The first element of an account stated claim requires "previous transactions between the parties establishing the relationship of debtor and creditor." *Bergen Plastic Surgery*, 2023 WL 3452633, at 4.

Here, the Complaint asserts that "[b]eginning in or about 2018 and continuing thereafter, Defendant placed numerous orders with Plaintiff for the purchase of artworks and sculptures." (Compl. ¶ 7). The Complaint further alleges that "[p]laintiff delivered the artworks ordered by Defendant" and that "defendant received and accepted the artworks." (Compl. ¶ 8). However, the Complaint does not allege that all of the transactions comprising the asserted $822,390 account were transactions between Plaintiff and Defendant.

To the contrary, Plaintiff expressly alleges that "certain of the artworks ordered by Defendant were sold through art gallery entities affiliated with Plaintiff." (Compl. ¶ 12). Plaintiff attempts to cure that problem by alleging that "[t]o the extent any affiliated entity held a claim against Defendant, that entity has assigned its claim to Plaintiff, so that Plaintiff is the owner and holder of all of the claims asserted herein." (Compl. ¶ 12). <u>However, that allegation is a legal conclusion that an assignment has been made</u>. There is no explanation or detail regarding these alleged assignments. The assertion that Plaintiff "is the owner and holder of all of the claims asserted herein" therefore supplies the necessary creditor status by conclusion rather than through factual allegations showing that Care Creations actually became the creditor as to those affiliate-originated transactions. (Compl. ¶ 12).

Therefore, while the Complaint alleges prior transactions between Plaintiff and Defendant, it does not provide sufficient factual content to infer that Care Creations became the creditor of the alleged $822,390 claim asserted in Count One. At most, the allegations permit the possibility that Plaintiff owns the asserted account. But a mere possibility is insufficient under Rule 8. *Bergen Plastic Surgery*, 2023 WL 3452633, at *4. The pleaded facts must permit a plausible inference that Plaintiff is in fact the creditor as to the amount claimed, and the Complaint simply does not supply that factual basis here.

This deficiency is compounded by the fact that there isn't a shred of evidence of any kind that supports the notion that defendant "placed numerous orders" with Plaintiff for the purchase of artworks. Plaintiff has not alleged the existence of or produced text messages, WhatsApp messages, or any other form of agreement or communication indicating that such orders were placed. Bold-faced accusations lacking such details are generally dismissed.

**B. THE COMPLAINT FAILS TO PLEAD AN AGREEMENT, EVEN AN IMPLIED ONE, CONCERNING THE ACCOUNT-STATED CLAIM**

The second element of an account stated claim requires "an agreement between the parties, express or implied, on the amount due from the debtor to the creditor." *Bergen Plastic Surgery*, 2023 WL 3452633, at *4. Although an agreement need not be express, silence can result in acquiescence to the sum due but only "[i]n some circumstances" where "the debtor does not respond for a reasonably long period of time." *Id*. (quoting *Asco Power Techs., L.P. v. Pepco Techs*., L.L.C., 2006 WL 3000334, at *7 (D.N.J. Oct. 20, 2006)).

Here, Plaintiff does not plead any allegations that an express agreement, written or oral, existed with the Defendant concerning the claim of $822,390. Rather, Plaintiff alleges that it "rendered to Defendant a written, consolidated statement of account" reflecting an alleged "outstanding balance due and owing from Defendant to Plaintiff" of $822,390, and that the statement "was transmitted to Defendant, including by message on or about August 27, 2025, which Defendant received and read." (Compl. ¶ 15). Plaintiff attempts to convert that alleged silence into an implied agreement by asserting that Defendant retained the statements "without objection within a reasonable time, and the parties agreed, expressly and/or impliedly, upon the balance due." (Compl. ¶ 20). However, those are mere conclusory legal assertions. The allegation that Defendant failed to object "within a reasonable time" is itself a legal conclusion. Plaintiff did not plead how many days, weeks or months had elapsed to reach that conclusion. Instead, it immediately concludes that "the parties agreed, expressly and/or impliedly, upon the balance due." (Compl. ¶ 20).

Without factual allegations establishing the circumstances and duration from which assent may plausibly be inferred, Plaintiff has not sufficiently pleaded the required agreement upon the account-stated balance.

**C. PLAINTIFF DOES NOT PLAUSIBLY PLEAD A PROMISE TO PAY THE ACCOUNT STATED BALANCE**

The third and last element of an account stated claim requires "a promise by the debtor, express or implied, to pay the amount due." *Bergen Plastic Surgery*, 2023 WL 3452633, at *4.

Here, the Complaint does not allege that Defendant expressly promised to pay the account stated balance. Instead, it converted defendant's silence into the conclusion that "the parties agreed, expressly and/or impliedly, upon the balance due." (Compl. ¶ 20).

Paragraph 21 is still more conclusory. It alleges: "By reason of the foregoing, an account was stated between the parties in the amount of $822,390, which Defendant became obligated to pay." (Compl. ¶ 21). The phrases "an account was stated" and "Defendant became obligated to pay" do not identify any act by Defendant constituting a promise.

The Complaint does not identify any statement, communication, payment, or other conduct by Defendant from which such a promise may reasonably be inferred. Because an account stated claim requires an express or implied promise by the debtor to pay the stated amount, Count One fails to plead this essential element and should be dismissed. *Bergen Plastic Surgery*, 2023 WL 3452633, at *4.

**2. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR BOOK ACCOUNT (COUNT TWO)**

Under New Jersey law, "[a] book account is based on transactions creating a debtor and creditor relation, evidenced by entries made and kept in a 'book' regularly kept and used for that purpose." *Transmodal Corp. v. EMH Assocs., Inc.*, No. 09-3057, 2011 WL 124641, at *8 n.6 (D.N.J. Jan. 14, 2011) (quoting 52 N.J. Prac., Elements of Action § 4:1 (2010-11 ed.)).

Here, Plaintiff fails to plead sufficient facts establishing a book account between Plaintiff and Defendant. Although Plaintiff alleges generally that Defendant purchased artworks and

sculptures beginning in or about 2018, the Complaint does not identify the transactions comprising the alleged book account. Nor does the Complaint identify the books or records allegedly maintained by Plaintiff from which the claimed balance is derived, the particular entries reflecting the transactions at issue, or facts demonstrating that such entries were made and kept in a book regularly maintained and used for that purpose. Instead, Plaintiff relies on conclusory allegations that Defendant owes the amount claimed without pleading sufficient facts showing how that amount constitutes a book account between Plaintiff and Defendant.

Accordingly, Plaintiff has not plausibly pleaded the debtor-creditor relationship and regularly maintained book of account necessary to state a claim for book account, and Count Two should be dismissed.

## 3. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR BREACH OF CONTRACT (COUNT THREE)

To state a claim for breach of contract under New Jersey law, Plaintiff must plead "(1) the existence of a valid contract, (2) breach of the contract by the defendant, and (3) damages." *Transmodal Corp. v. EMH Assocs., Inc.,* No. 09-3057, 2011 WL 124641, at *5 (D.N.J. Jan. 14, 2011) (citing Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)).

Here, in relevant part, the Complaint pleads that "[p]laintiff and Defendant entered into valid and enforceable agreements pursuant to which Plaintiff agreed to sell and deliver artworks to Defendant and Defendant agreed to purchase and pay for such artworks." (Compl. ¶ 29). That assertion, however, is no more than an unsupported legal conclusion. Plaintiff does not identify the date such alleged contract was formed, the purchase price associated with any particular artwork, whether the alleged contract was oral or written, or any other relevant terms. Instead, the

Complaint simply characterizes the underlying arrangements as "valid and enforceable agreements." *Id.*

Without pleading any of the underlying details surrounding the alleged contract, Plaintiff likewise fails to plausibly plead breach. Count three alleges only that "Defendant breached the agreements by failing and refusing to pay the amounts due and owing thereunder." (Compl. ¶ 31). However, the Complaint does not identify what agreements were breached, which payment obligation became due, when it became due, or what amount remained unpaid under any particular transaction. The allegation that Defendant failed to pay "the amounts due and owing" therefore assumes the existence of the very contractual obligations Plaintiff was required to plead.

The same deficiency carries through to damages. Without pleading the necessary facts supporting the conclusion that a valid and enforceable contract actually existed, Plaintiff likewise fails to plead sufficient facts supporting the resulting damages allegedly flowing from the alleged breach.

Accordingly, Plaintiff has failed to plausibly plead the existence of a valid contract, breach, or resulting damages, and Count Three should be dismissed.

## 4. CLAIMS ARISING FROM SALES OUTSIDE THE APPLICABLE LIMITATIONS PERIOD ARE TIME-BARRED

New Jersey's UCC provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," and that the cause of action accrues "when the breach occurs." N.J.S.A. 12A:2-725(1)-(2). Because this action was commenced on July 24, 2026, any claim arising from a sales contract breached before July 24, 2022 is time-barred.

The Complaint alleges that Defendant's purchases "[began] in or about 2018 and continuing thereafter," but it does not identify when payment became due for any particular transaction. (Compl. ¶ 7). To the extent Plaintiff seeks recovery for sales for which Defendant's payment obligation was breached more than four years before July 24, 2026, those claims are barred by N.J.S.A. 12A:2-725.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion and dismiss the Complaint in its entirety. Alternatively, Defendant requests dismissal of the deficient counts and claims identified herein, including Plaintiff's request for attorneys' fees. together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 15, 2026

SHAPIRO & ASSOCIATES
ATTORNEYS AT LAW, PLLC
445 Hamilton Avenue
White Plains, New York 10601
(212) 606-2000
sshapiro@shapirolawyers.net
*Pro hac vice'* Attorneys for Defendant, Jacob Shochat

**ROSENBLATT LAW PC**
Raphael M. Rosenblatt, Esq.
NJ Bar No. 032511998
21 Main Street | Suite 151
Hackensack, NJ 07601
Tel: 551.444.8100
raphael@rosenblattlegal.com
*Pro Hac Vice*` Sponsoring Attorneys
for Defendant