Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff Care Creations Inc., d/b/a Eden Fine Art

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------ x

CARE CREATIONS INC., d/b/a EDEN FINE ART,

Plaintiff,

v.

JACOB SHOCHAT,

Defendant.

------------------------------------------------------------ x

Civil Action No. 2:26-cv-09339-MCA-JRA
Hon. Madeline Cox Arleo, U.S.D.J.
Hon. José R. Almonte, U.S.M.J.

Motion Day: December 7, 2026

---

**MEMORANDUM OF LAW OF PLAINTIFF CARE CREATIONS INC. IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

# Contents


**1. Introduction** ... 3

**2. Factual Background** ... 3

**3. Legal Argument** ... 5

**STANDARD OF REVIEW** ... 5

**POINT I** ... 5

**THE COMPLAINT STATES A CLAIM FOR ACCOUNT STATED (COUNT ONE)** ... 5

**A. The Governing Standard** ... 6

**B. *Bergen Plastic Surgery* and Its Progeny Are Inapposite** ... 7

**C. The Complaint Pleads a Debtor–Creditor Relationship** ... 8

**D. The Complaint Pleads Defendant's Agreement to the Balance** ... 9

**E. The Complaint Pleads an Implied Promise to Pay** ... 11

**F. Defendant's Demand for "Evidence" Has No Place on a Rule 12(b)(6) Motion** ... 12

**POINT II** ... 13

**THE COMPLAINT STATES A CLAIM FOR BOOK ACCOUNT (COUNT TWO)** ... 13

**POINT III** ... 14

**THE COMPLAINT STATES A CLAIM FOR BREACH OF CONTRACT (COUNT THREE)** ... 14

**POINT IV** ... 15

**DEFENDANT'S STATUTE OF LIMITATIONS ARGUMENT CANNOT BE RESOLVED ON THE FACE OF THE COMPLAINT** ... 15

**A. A Limitations Defense May Be Decided on a Rule 12(b)(6) Motion Only Where the Bar Appears on the Face of the Complaint** ... 15

**B. The Complaint Does Not Show When Any Payment Obligation Was Breached** ... 16

**C. Defendant's Argument Does Not Reach the Account Stated Claim** ... 18

**D. Defendant's Unexamined Assumption That New Jersey Law Governs** ... 19

**POINT V** ... 19

**DEFENDANT'S REQUEST TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEYS' FEES IS PREMATURE** ... 19

**4. Conclusion** ... 20

## 1. Introduction

Plaintiff Care Creations Inc., d/b/a Eden Fine Art ("Plaintiff" or "Eden"), respectfully submits this memorandum of law in opposition to the motion of Defendant Jacob Shochat ("Defendant") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This is a straightforward collection action. Over several years, Defendant ordered fine artworks and sculptures from Eden and its affiliated galleries, accepted delivery of them at his home, and paid for them in part on a running, consolidated account. He asked Eden for statements of his balance, received a reconciled statement showing $822,390 due, read it, and never objected. He has not paid.

Defendant's motion does not contend that he paid for the artworks or that he never received them. Instead, it labels the Complaint's factual allegations "conclusory," relies principally on a line of out-of-network health insurance cases in which the defendant insurer was a stranger to the underlying transaction, faults Plaintiff for not "producing" evidence with its pleading, and asks the Court to declare some unidentified portion of the account time-barred even though, as Defendant concedes, the Complaint does not show when any payment came due. None of these arguments has merit. The Complaint pleads each element of account stated, book account and breach of contract, and the limitations defense cannot be resolved on the face of the pleading. The motion should be denied.

## 2. Factual Background

The following facts are drawn from the Complaint and are accepted as true for purposes of this motion.

Eden is a New York corporation that operates a fine art gallery in New York under the trade name "Eden Fine Art," selling paintings and sculptures to collectors. (Compl. ¶¶ 4, 6.) Defendant is a New Jersey resident. (Compl. ¶ 5.)

Beginning in or about 2018, Defendant placed numerous orders with Eden for the purchase of artworks and sculptures, each assigned a sales order number in Eden's records, including SO Nos. 4386, 5058, 12877, 12880, 12884, 12902, 13001, 21268 and 21363. (Compl. ¶ 7.) Relying on Defendant's commitment to pay, and on a prior course of dealing in which Defendant had bought artworks from Eden and paid for them in installments, Eden delivered the artworks — in some instances transporting and delivering them to Defendant personally — and Defendant received and accepted them. (Compl. ¶ 8.) Defendant agreed to pay the purchase price for the artworks, in certain instances on an installment basis. (Compl. ¶ 10.)

Defendant remained actively engaged with Eden about his purchases. On or about July 21, 2024, for example, he wrote to Eden acknowledging receipt of the pricing for the works he had purchased and requesting certificates of authenticity and appraisal documents for them. (Compl. ¶ 9.) Eden maintained, in the ordinary course of its business, a running book account reflecting the charges for the artworks ordered by and delivered to Defendant and the payments he made, and Defendant made periodic payments that were credited against the balance. (Compl. ¶ 11.) Some of the artworks were sold through galleries affiliated with Eden under common ownership; Defendant's purchases were at all times treated, invoiced and pursued as a single, consolidated account, and each affiliate has assigned its claims to Eden. (Compl. ¶ 12.)

On or about August 3, 2023, the outstanding balance was confirmed in a written exchange that Defendant received and reviewed, and the parties discussed a schedule for its payment. (Compl. ¶ 13.) On or about September 12, 2024, Defendant asked Eden for statements of his accounts reflecting the outstanding balances, and Eden thereafter rendered periodic statements setting forth the artworks ordered, the payments received and the balance due. (Compl. ¶ 14.) On or about July 29, 2025, Eden rendered a written, consolidated statement of account confirming

that, after crediting all payments and reconciling the account, the balance due was $822,390; it was transmitted to Defendant on or about August 27, 2025, and Defendant received and read it. (Compl. ¶ 15.) Defendant retained the statements without objection and has refused to pay the balance. (Compl. ¶¶ 16–17.)

Eden commenced this action on July 24, 2026, asserting claims for account stated (Count One), book account (Count Two) and breach of contract (Count Three). (ECF No. 1.) Defendant moved to dismiss on October 15, 2026. (ECF No. 9.)

### 3. Legal Argument

### STANDARD OF REVIEW

On a motion under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Rule 8 "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court sets aside bare legal conclusions, accepts the remaining well-pleaded facts as true, and asks whether they "plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). The motion tests the pleading, not the plaintiff's proof.

## POINT I

## THE COMPLAINT STATES A CLAIM FOR ACCOUNT STATED (COUNT ONE)

Defendant contends that Count One fails on each of the three elements of an account stated. (Def. Br. at 7–10.) Each argument rests on the same error: it treats the factual allegations of the

Complaint as "legal conclusions" and ignores the paragraphs that supply the facts Defendant says are missing. Read as a whole, as it must be, the Complaint alleges that Defendant personally ordered and accepted the artworks, made periodic payments against his account, asked for statements of his balances, received and read a consolidated statement of the balance due, and never objected to it. That is an account stated under New Jersey law.

### A. The Governing Standard

An account stated arises "when a debtor and creditor come to a mutual agreement as to how much the debtor owes the creditor." *Pan Am. World Airlines, Inc. v. Midlantic Nat'l Bank/N.*, No. 87-3404, 1989 WL 78229, at *3 (D.N.J. July 12, 1989) (citing *Harris v. Merlino*, 137 N.J.L. 717, 720, 61 A.2d 276, 279 (E. & A. 1948)). The New Jersey Court of Errors and Appeals long ago held that no formality is required:

> It is not essential that an account stated be in any particular form. Any evidence indicating an admission by the debtor to the creditor of a stated indebtedness claimed by the latter will furnish ground for implying a promise to pay. Evidence of assent to an account stated may consist of express statements or inferences from conduct.

*Harris*, 61 A.2d at 279. Courts in this District describe the claim as "essentially a species of contract claim," requiring "(1) 'the existence of a debt from a transaction or series of transactions memorialized in such a statement'; (2) 'mutual agreement between the debtor and creditor as to the correctness of its amount'; and (3) 'a promise by the debtor to pay that sum.' " *Samra Plastic & Reconstructive Surgery v. UnitedHealthcare Ins. Co.*, No. 25-6001, 2026 WL 266754, at *7 (D.N.J. Feb. 2, 2026) (quoting *Accounteks.Net, Inc. v. CKR Law, LLP*, No. A-1067-20, 2023 WL 3331802, at *8 (N.J. Super. Ct. App. Div. May 9, 2023)); *accord Bestherb, Inc. v. Yinlink Int'l Inc.*, No. 22-06548, 2024 WL 3898039, at *5 (D.N.J. Aug. 22, 2024). Critically, "[a] debtor's assent to the amount may either be express or implied by a failure to object within a

reasonable time, and [its] promise to pay may likewise be either express or implied." *Samra*, 2026 WL 266754, at *7 (quoting *Accounteks.Net*, 2023 WL 3331802, at *8). The Restatement, which courts in this District apply, is to the same effect: "A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent." *Pan Am*, 1989 WL 78229, at *4 (quoting Restatement (Second) of Contracts § 282(1) (1979)).

At the pleading stage, "the critical issue is whether [plaintiff] has sufficiently alleged an exact and definite balance," and a defendant's "receipt of the invoices alone may be enough to support an account stated claim" where the defendant does not deny receiving them. *Samra Plastic & Reconstructive Surgery v. Cigna Health & Life Ins. Co.*, No. 23-22521, 2024 WL 3444273, at *8 (D.N.J. July 17, 2024) (quoting *Kissner Milling Co. v. Snow Joe, LLC*, No. 22-05903, 2023 WL 8432846, at *4 (D.N.J. Dec. 5, 2023)); *United Cap. Funding Grp., LLC v. Remarkable Foods, LLC*, No. 21-3291, 2022 WL 138099, at *4 (D.N.J. Jan. 14, 2022) (same).

### B. *Bergen Plastic Surgery* and Its Progeny Are Inapposite

Defendant's principal authority, *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, No. 22-227, 2023 WL 3452633 (D.N.J. May 15, 2023), and the cases applying it, arise in a context with no resemblance to this one. In *Bergen*, an out-of-network surgical practice sued a patient's insurer. The account stated claim failed not because the plaintiff pleaded too few details about a sale, but because there was no sale between the parties at all: the plaintiff "provided a service to Patient, not Defendant," and the complaint contained no "allegations suggesting that the parties had a debtor-creditor relationship." *Id.* at *4. The same structural defect — an insurer that was a stranger to the underlying transaction — doomed the account stated claims in *Premier Orthopaedic Assocs.*

*of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, 675 F. Supp. 3d 487 (D.N.J. 2023), and *East Coast Spine Joint v. Anthem Blue Cross Blue Shield*, No. 22-04841, 2023 WL 3559704 (D.N.J. Apr. 27, 2023).

This case presents the opposite situation. Defendant is not a third-party payor; he is the buyer. He personally "placed numerous orders . . . for the purchase of artworks and sculptures," each identified by sales order number, and he "received and accepted the artworks," some of which Plaintiff personally delivered to him. (Compl. ¶¶ 7–8.) Where, as here, the defendant is the purchaser of goods, courts in this District sustain account stated claims on allegations of orders, delivery, partial payment and non-payment of the balance. *See Bestherb*, 2024 WL 3898039, at *5 (sustaining account stated claim arising from purchase orders for herbal extract products); *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 536 (D.N.J. 2019) (account stated pleaded where defendants received invoices and paid them only in part).

### C. The Complaint Pleads a Debtor–Creditor Relationship

Defendant concedes, as he must, that "the Complaint alleges prior transactions between Plaintiff and Defendant." (Def. Br. at 8.) His argument is limited to the subset of artworks that "were sold through art gallery entities affiliated with Plaintiff," as to which the Complaint alleges that each affiliate "has assigned its claim to Plaintiff, so that Plaintiff is the owner and holder of all of the claims asserted herein." (Compl. ¶ 12.) Defendant labels that allegation a "legal conclusion." (Def. Br. at 8.) It is not.

Whether a claim was assigned is a question of historical fact — either the affiliates transferred their claims to Plaintiff or they did not — and the Complaint alleges that they did. Rule 8 "does not require 'detailed factual allegations,' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and nothing in the Rules requires

a plaintiff to plead the date, form or terms of an assignment, or to attach it. Nor does the Complaint rest on a bare assertion. It pleads the facts that make the assignment plausible: the affiliates share common ownership with Plaintiff; Defendant's purchases "were at all times treated, invoiced, and pursued collectively as a single, consolidated account"; and the statement of that consolidated account was rendered to Defendant, who received and read it. (Compl. ¶¶ 12, 15.)

Moreover, the assignment does not create the debtor–creditor relationship; it transfers one that already existed. Defendant was the debtor on every one of the underlying sales. The only question the assignment answers is which affiliated entity may collect, and an assignee may enforce an account stated claim even where it had no direct dealings with the debtor. In *United Capital*, the court sustained an account stated claim brought by an assignee of receivables against an account debtor even though the assignee had not been a party to the underlying transactions, holding that the debtor's receipt of the invoices "alone may be enough to support [the] account stated claim" and that, once the accounts were assigned, the assignee could "stand in [the assignor's] place to enforce [its] right to collect." 2022 WL 138099, at *4. The same result follows here, with greater force: Defendant dealt directly with Plaintiff and its affiliates throughout, and the statement on which Count One rests consolidated all of his purchases into a single balance.

## D. The Complaint Pleads Defendant's Agreement to the Balance

Defendant next argues that the allegation that he retained the statements "without objection within a reasonable time" is conclusory because Plaintiff "did not plead how many days, weeks or months had elapsed." (Def. Br. at 9.) The premise is wrong, and so is the conclusion.

The Complaint pleads the dates. Defendant himself asked Plaintiff, on or about September 12, 2024, to provide statements of his accounts reflecting the outstanding balances, and Plaintiff thereafter rendered periodic statements setting forth the artworks ordered, the payments received

and the balance due. (Compl. ¶ 14.) On or about July 29, 2025, Plaintiff rendered a written, consolidated statement reflecting a balance of $822,390, which was transmitted to Defendant on or about August 27, 2025, and which Defendant "received and read." (Compl. ¶ 15.) Defendant "retained [the statements] without any objection." (Compl. ¶ 16.) This action was commenced on July 24, 2026 — eleven months after Defendant read the consolidated statement. Arithmetic is not a legal conclusion. The Court need not guess "how many . . . months had elapsed"; the Complaint tells it.

Nor is there any requirement that a plaintiff plead a particular number of days. Whether a period of silence is "unreasonably long," Restatement (Second) of Contracts § 282(1), is a question of fact, and Defendant cites no case holding that a complaint must quantify it. Courts in this District have sustained account stated claims on far less: an allegation that the defendant received the bill and did not dispute it. *Samra*, 2024 WL 3444273, at *8; *Samra*, 2026 WL 266754, at *7; *United Capital*, 2022 WL 138099, at *4. Here, Defendant did not merely receive the statement. He requested statements of his balance, received the consolidated statement, read it, and said nothing for nearly a year.

The Complaint also alleges Defendant's assent through his conduct over the life of the account. Defendant agreed to pay for the artworks, "in certain instances on an installment basis" (Compl. ¶ 10); he "made periodic payments toward his account, which were credited against the balance due" (Compl. ¶ 11); on or about July 21, 2024, he wrote to Plaintiff "acknowledging receipt of the pricing for the specific works he purchased" and requesting certificates of authenticity and appraisals for them (Compl. ¶ 9); and on or about August 3, 2023, the then-outstanding balance was confirmed in a written exchange that Defendant received and reviewed, and a schedule for its payment was discussed (Compl. ¶ 13). "Evidence of assent to an account

stated may consist of express statements or inferences from conduct." *Harris*, 61 A.2d at 279. These allegations easily permit that inference.

**E. The Complaint Pleads an Implied Promise to Pay**

Finally, Defendant argues that the Complaint identifies no "statement, communication, payment, or other conduct" from which a promise to pay may be inferred. (Def. Br. at 10.) But the Complaint identifies exactly that conduct: payments. Defendant "made periodic payments toward his account, which were credited against the balance due." (Compl. ¶ 11.) "A debtor's partial payment of an invoice may also constitute an implied admission of indebtedness for the balance." *Samra*, 2026 WL 266754, at *7 (quoting *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, No. 22-227, 2022 WL 4115701, at *3 (D.N.J. Sept. 9, 2022)); *see also Maersk Line*, 427 F. Supp. 3d at 536 (implied admission of indebtedness and promise to pay "through the incomplete payment of the invoices"). Indeed, the earlier *Bergen* opinion on which Defendant's authority builds recognizes the point. *See Bergen*, 2022 WL 4115701, at *3 (citing *Harris*, 61 A.2d at 279, and *Maersk Line*, 427 F. Supp. 3d at 536).

No express promise is required. "Any evidence indicating an admission by the debtor to the creditor of a stated indebtedness claimed by the latter will furnish ground for implying a promise to pay." *Harris*, 61 A.2d at 279. A buyer who orders artworks, accepts delivery, agrees to pay in installments, pays part of the price over several years, asks for statements of his balance, and then receives and reads a consolidated statement without objection has, by his conduct, admitted the indebtedness and impliedly promised to pay it. The insurer cases on which Defendant relies are again beside the point: there, the insurer's partial payment implied at most that the remaining balance was the *patient's* responsibility, because the insurer was never the purchaser. *See Bergen*, 2023 WL 3452633, at *4. Defendant was.

### F. Defendant's Demand for "Evidence" Has No Place on a Rule 12(b)(6) Motion

Defendant also complains that "there isn't a shred of evidence" that he placed orders, and that Plaintiff "has not alleged the existence of or produced text messages, WhatsApp messages, or any other form of agreement." (Def. Br. at 8.) A motion under Rule 12(b)(6) tests the sufficiency of the pleading, not the plaintiff's proof. The Court accepts the well-pleaded factual allegations as true and asks whether they "plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). The Complaint alleges that Defendant placed the orders, identifies them by sales order number, and alleges that he accepted delivery. (Compl. ¶¶ 7–8.) Whether Plaintiff can prove those allegations is a matter for discovery and trial, not for a motion to dismiss. In any event, the Complaint does allege written communications from Defendant, including his July 21, 2024 message regarding the pricing of the works he purchased. (Compl. ¶ 9.)

Count One states a claim for account stated, and the motion should be denied as to that Count. Should the Court find any element insufficiently pleaded, Plaintiff respectfully requests leave to amend. Plaintiff can plead additional facts that would cure any deficiency the Court identifies, including the dates and amounts of the payments Defendant made against the account from September 2023 through August 2025, the written transmittal of the July 29, 2025 statement to Defendant on August 27, 2025 and his receipt of it, and the particulars of the affiliates' assignment of their claims to Plaintiff. *See Premier Orthopaedic*, 675 F. Supp. 3d 487 (dismissing account stated claim without prejudice and granting leave to amend).

## POINT II

## THE COMPLAINT STATES A CLAIM FOR BOOK ACCOUNT (COUNT TWO)

A book account claim is "one of the recognized remedies in New Jersey to recover the moneys due for goods sold and delivered." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 150 (D.N.J. 2013) (quoting *In re Gottlieb & Co.*, 245 F. 139, 146 (D.N.J. 1917), *aff'd sub nom. Rosenberg v. Semple*, 257 F. 72 (3d Cir. 1919)). It "is similar in nature to a breach of contract, except that 'the amount owed . . . can be proved by a statement of account.' " *Id.* (quoting *Manley Toys, Ltd. v. Toys "R" Us, Inc.*, No. 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013) (quoting *Transmodal Corp. v. EMH Assocs., Inc.*, No. 09-3057, 2011 WL 124641, at *7 (D.N.J. Jan. 14, 2011))). Defendant's own authority describes the claim as one "based on transactions creating a debtor and creditor relation, evidenced by entries made and kept in a 'book' regularly kept and used for that purpose." (Def. Br. at 10 (quoting *Transmodal*, 2011 WL 124641, at *8 n.6).)

The Complaint pleads exactly that. It alleges the transactions — Defendant's orders for artworks, identified by sales order number, and Eden's delivery of the works, which Defendant accepted. (Compl. ¶¶ 7–8.) It alleges the debtor–creditor relationship those transactions created. (Compl. ¶¶ 10, 17.) And it alleges the book: Eden "maintained, in the ordinary course of its business, a running book account reflecting the charges for artworks ordered by and delivered to Defendant and the payments received from Defendant," which constitutes "a true and accurate record of the debits and credits between the parties, made in the regular course of Plaintiff's business," and which shows $822,390 due after crediting all payments. (Compl. ¶¶ 11, 24–26.)

Defendant's complaint is that Plaintiff did not "identify the books or records," "the particular entries," or the individual transactions. (Def. Br. at 10–11.) But Rule 8 requires a

plausible claim, not an evidentiary exhibit. *See Iqbal*, 556 U.S. at 678. The Complaint identifies the account, the sales orders that comprise it, the ledger in which they were recorded, and the resulting balance. Whether Eden's records are sufficient to prove the amount due is a question for discovery and, if necessary, trial. *See CPS MedManagement*, 940 F. Supp. 2d at 150–51 (deciding book account claim on summary judgment record). Count Two should not be dismissed.

**POINT III**

**THE COMPLAINT STATES A CLAIM FOR BREACH OF CONTRACT (COUNT THREE)**

Under New Jersey law, "[a] party alleging breach of contract satisfies its pleading requirement if it alleges '(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties.' " *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735 (D.N.J. 2008) (quoting *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). In a sale of goods, the seller's remedy for nonpayment is an action for the price of goods the buyer has accepted. N.J.S.A. 12A:2-709(1)(a).

The Complaint pleads each element with facts. *Contract:* Defendant placed orders for specific artworks and sculptures, each recorded under an identified sales order number, and agreed to pay the purchase price for them, in some instances in installments. (Compl. ¶¶ 7, 10, 29.) *Performance:* Eden delivered the artworks, in some instances personally, and Defendant received and accepted them. (Compl. ¶¶ 8, 30.) *Breach:* Defendant has failed and refused to pay the balance of the purchase price. (Compl. ¶¶ 17, 31.) *Damages:* the unpaid balance, reconciled after crediting all payments, is $822,390. (Compl. ¶¶ 15, 33.) The Complaint also alleges Defendant's own written acknowledgment of the pricing of the works he purchased. (Compl. ¶ 9.)

Defendant argues that the Complaint does not state "the date such alleged contract was formed, the purchase price associated with any particular artwork, whether the alleged contract was oral or written, or any other relevant terms." (Def. Br. at 11.) No rule requires that level of detail. Rule 8 "does not require 'detailed factual allegations,' " *Iqbal*, 556 U.S. at 678, and a plaintiff is not required to attach or itemize each invoice to plead a breach of contract for unpaid goods. The Complaint identifies the parties, the goods (by sales order number), the timeframe, the delivery and acceptance, the payment obligation and the unpaid balance. That gives Defendant — who placed the orders and received the artworks — ample notice of the claim against him and permits the reasonable inference that he is liable. Nothing more is required. Count Three should not be dismissed.

## POINT IV

## DEFENDANT'S STATUTE OF LIMITATIONS ARGUMENT CANNOT BE RESOLVED ON THE FACE OF THE COMPLAINT

Defendant's final argument is that "[t]o the extent Plaintiff seeks recovery for sales for which Defendant's payment obligation was breached more than four years before July 24, 2026, those claims are barred by N.J.S.A. 12A:2-725." (Def. Br. at 12–13.) The argument fails on its own terms. Defendant does not identify a single sale that is time-barred, and he concedes that the Complaint "does not identify when payment became due for any particular transaction." (*Id.* at 13.) That concession is dispositive of this motion.

### A. A Limitations Defense May Be Decided on a Rule 12(b)(6) Motion Only Where the Bar Appears on the Face of the Complaint

The statute of limitations is an affirmative defense, and "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241,

248 (3d Cir. 2014). In this Circuit, a limitations defense may be raised by a Rule 12(b)(6) motion "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " *Id.* at 249 (citation omitted). Where the timeliness of a claim cannot be determined from the face of the complaint, the defense must await a developed record.

**B. The Complaint Does Not Show When Any Payment Obligation Was Breached**

Under the statute on which Defendant relies, a cause of action "accrues when the breach occurs." N.J.S.A. 12A:2-725(2)[1]. In an action for the price of goods, the breach is the failure to pay when payment is due, so the claim accrues "on the date the payment is due." *Ford Motor Credit Co. v. Arce*, 348 N.J. Super. 198, 200 n.1 (App. Div. 2002). The date of each sale is therefore not the relevant date. The relevant date is when each payment came due and was not made.

Nothing in the Complaint establishes that date for any transaction, and much of it points the other way. The Complaint alleges that Defendant agreed to pay for the artworks "in certain instances on an installment basis," in keeping with the parties' past practice, which is why Plaintiff delivered the works on credit. (Compl. ¶¶ 8, 10.) It alleges that Defendant "made periodic payments toward his account, which were credited against the balance due," and that his purchases were "treated, invoiced, and pursued collectively as a single, consolidated account." (Compl. ¶¶ 11–12.) It alleges that as late as August 3, 2023, the parties confirmed the outstanding balance in writing and "discussed a schedule for payment of that balance" (Compl. ¶ 13); that Defendant asked for statements of his account in September 2024 (Compl. ¶ 14); and that the account was reconciled "after crediting all payments made by Defendant" as of July 29, 2025 (Compl. ¶ 15).

---

[1] Plaintiff does not necessarily accept that the UCC's four year statute of limitations applies to the claims at issue, but even if it does the motion fails due to the issues raised herein.

Those allegations describe a running credit account paid over time on a schedule the parties continued to discuss through 2023 — not a series of cash sales due on delivery in 2018 and 2019.

On these allegations, the Court cannot determine when any installment came due, whether the parties' 2023 payment schedule governed the balance, or whether any payment obligation was breached before July 24, 2022. Those are questions of fact. Because "the time alleged in the statement of [the] claim" does not show that any claim is untimely, *Schmidt*, 770 F.3d at 249, the defense cannot be resolved on this motion. Defendant's request for a ruling that some unidentified portion of the account is barred "[t]o the extent" it rests on earlier sales (Def. Br. at 13) only underscores the point: it asks the Court to resolve a fact-dependent affirmative defense in the abstract.

The Complaint's allegations of payments credited against the running account raise a further fact question. Under New Jersey law, "[a] part payment is held to toll the statute of limitations on the theory that the law implies from partial payment a promise to pay the entire obligation," and whether particular payments were intended as partial payments on the obligation is a question of fact. *Renault v. L. N. Renault & Sons, Inc.*, 188 F.2d 317, 320–21 (3d Cir. 1951); *see* N.J.S.A. 2A:14-24 (preserving "the effect of any payment of principal or interest"). The four-year statute on which Defendant relies leaves that rule intact: it "does not alter the law on tolling of the statute of limitations." N.J.S.A. 12A:2-725(4). The Appellate Division has applied the rule to a seller's claim governed by section 2-725. In *P.F.I., Inc. v. Kulis*, 363 N.J. Super. 292, 297 (App. Div. 2003), the court held that the buyer's "conduct demonstrated an acknowledgement of the entire debt and tolled the four-year statute of limitations," where the case was "more akin to a running book account with partial payments made as part of a larger debt," the seller applied the buyer's payment to the outstanding balances "without any objection," and "the parties' discussions

regarding payment of the account and their ongoing business relationship" continued. *Id.* The governing principle is that "where a payment is expressly made upon the unpaid balance of an ordinary running account, with the express intention of acknowledging such unpaid balance and reducing the amount thereof, the matter is taken out of the bar of the statute of limitations." *Deluxe Sales & Serv., Inc. v. Hyundai Eng'g & Constr. Co.*, 254 N.J. Super. 370, 376 (App. Div. 1992) (quoting *Farbstein v. Eichmann*, 23 N.J. Super. 484, 490 (App. Div. 1952)). In *Deluxe Sales*, the rule did not apply because the summary judgment record showed that the buyer's payments were applied to current invoices rather than to the old balance. *Id.* Here, by contrast, the Complaint alleges that Defendant's purchases were treated as a single consolidated account, that his "periodic payments" were "credited against the balance due," and that as late as 2023 the parties confirmed the outstanding balance and discussed a payment schedule. (Compl. ¶¶ 11–13.) How Defendant's payments were made and applied, and what they acknowledged, cannot be resolved on the pleadings.

**C. Defendant's Argument Does Not Reach the Account Stated Claim**

Defendant's limitations argument is directed only at claims "arising from a sales contract breached before July 24, 2022." (Def. Br. at 12.) It does not address Count One. The account stated claim rests on the consolidated statement rendered on July 29, 2025 and transmitted on August 27, 2025, which Defendant received, read and retained without objection. (Compl. ¶¶ 15–16, 19–21.) An account stated "is an admission by each party of the facts asserted and a promise by the debtor to pay according to its terms." *Pan Am*, 1989 WL 78229, at *4 (quoting Restatement (Second) of Contracts § 282(2)). That admission and promise arose in 2025, less than a year before this action was filed. Whatever limitations period applies to it, Count One is not untimely on the face of the Complaint.

**D. Defendant's Unexamined Assumption That New Jersey Law Governs**

Defendant's argument also assumes, without analysis, that New Jersey law governs the timeliness of Plaintiff's claims. Eden is a New York gallery, and Plaintiff does not concede that New Jersey law governs. The Court need not reach the question, however, because the limitations defense fails on the face of the Complaint under New Jersey law, as shown above. In any event, the choice-of-law analysis under the Restatement (Second) of Conflict of Laws turns on contacts — where the sales were negotiated, made, invoiced, paid and performed — that are not developed on this record, and "it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 718 (D.N.J. 2011) (citation omitted); *see also Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 490 (D.N.J. 2009) (deferring choice-of-law decision until the parties developed a factual record). Plaintiff reserves its position on choice of law.

For these reasons, the motion should be denied insofar as it seeks dismissal of any claim on limitations grounds. Plaintiff's analysis indicates that New York law is not identical to New Jersey law on the limitations issues and as such this analysis will ultimately be necessary.

**POINT V**

**DEFENDANT'S REQUEST TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEYS' FEES IS PREMATURE**

In a single sentence in his conclusion, Defendant asks the Court to dismiss "Plaintiff's request for attorneys' fees." (Def. Br. at 13.) He offers no argument in support, and a request for a particular form of relief in a prayer for judgment is not itself a claim subject to dismissal under Rule 12(b)(6). Plaintiff recognizes that New Jersey adheres to the American Rule, under which fees are not recoverable absent a statute, court rule or contractual provision providing for them.

*See Chin v. Chrysler LLC*, 538 F.3d 272, 279 (3d Cir. 2008). Whether any such basis exists — including under the terms of the parties' sales documents — is a question for a later stage. The request should be denied as premature.

**4. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety. To the extent the Court finds any Count insufficiently pleaded, Plaintiff respectfully requests leave to amend for the reasons stated in Point I.F.

Dated: **November 13, 2026**

Respectfully submitted,
THE LAW OFFICE OF AVRAM E. FRISCH LLC

Attorneys for Plaintiff Care Creations Inc., d/b/a Eden Fine Art

/s/ Avram E. Frisch
Avram E. Frisch